IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARVIS LAMAR POSTLEWAITE, </br>No. R25461, </br> </br>  Plaintiff, </br> </br> vs. </br> </br> DR. JOHN COLE, </br> </br>  Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) Case No. 14-cv-00717-NJR </br> ) </br> ) </br> ) </br> ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Jarvis Lamar Postlewaite, an inmate in Lawrence Correctional Center ("Lawrence"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the medical care he has received for a severe ear infection (*see* Doc. 1). Plaintiff seeks only affirmative injunctive relief in the form of "proper" medical treatment, a consultation with a specialist, additional pain relief, and mental health treatment.

Given the nature of the allegations and out of an overabundance of caution, the Court construes the complaint as containing a motion for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b), a motion for preliminary injunction pursuant to Rule 65(a), as well as the general prayer for injunctive relief. Consequently, the motions for temporary and preliminary injunctive relief will be considered in conjunction with the requisite preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.[1]

---

[1] Temporary restraining orders and preliminary injunctions are both aimed at averting irreparable harm; "[w]hether and in what sense the grant of relief would change or preserve some previous state of affairs is neither here nor there." *Chicago United Industries, Ltd. v. City of Chicago*, 445 F.3d 940, 944 (7th Cir. 2006). The amount and timing of the process due is what distinguishes the two preliminary remedies—as well as appealability, which is not relevant at this juncture. *Id.*; *see also* FED.R.CIV.P. 65; *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 844-45 (7th Cir. 2012).

### The Complaint

According to the complaint, Plaintiff Postlewaite has been diagnosed with a severe infection in his right ear, which causes him great pain. According to Plaintiff, "no real sound" is heard in his right ear. He is given "little pain medication," and "no other real mental health treatment" (Doc. 1, p. 1). Plaintiff has been seeking treatment since November 6, 2013, when he arrived at Lawrence.

Suit is brought against Dr. John Cole, medical director at Lawrence Correctional Center. There are no allegations of personal involvement by Dr. Cole in Plaintiff's treatment and, as already noted, only injunctive relief is sought. Therefore, the complaint is construed as being against Dr. Cole in only his official capacity as the medical director at Lawrence.

Based on the allegations in the complaint, and keeping in mind that Plaintiff invokes 42 U.S.C. § 1983, the Court finds it convenient to frame Plaintiff's claim as follows:

> **Count 1: Medical staff at Lawrence Correctional Center have been deliberately indifferent to Plaintiff Postlewaite's serious medical needs in violation of the Eighth Amendment.**

### Discussion

A civil action is commenced with the filing of a complaint. FED.R.CIV.P. 3. Without a viable complaint, the Court cannot ascertain the basis for jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine and Center, Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). Therefore, the Court will first assess the viability of Plaintiff's Eighth Amendment claim before considering either a temporary restraining order or preliminary injunction.

**Preliminary Review**

Relative to the preliminary review of the complaint, 28 U.S.C. § 1915A, provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
   (2) seeks monetary relief from a defendant who is immune from such relief.

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. *See also Kingsley v. Henderson*, 744 F.3d 443, 450 (7th Cir. 2014). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

The allegations in the complaint are sufficient to state a colorable Eighth Amendment claim, thereby ensuring the Court has jurisdiction to proceed. Although there are no claims against Dr. Cole in his individual capacity, that fact is irrelevant when injunctive relief is sought. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). However, it is debatable whether Dr. Cole, as medical director, is the proper defendant for purposes of injunctive relief. Normally, the warden of the prison, in his or her official capacity, is the proper defendant when injunctive relief is sought. *Id*. Therefore, Stephen Duncan, in his official capacity as warden of Lawrence, will be added as a defendant.

**Motion for a Temporary Restraining Order**

A temporary restraining order ("TRO") is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED.R.CIV.P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED.R.CIV.P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

The allegations in the complaint clearly indicate that Plaintiff has been and is being treated by medical personnel at Lawrence. X-rays have shown that plaintiff has a chronic ear infection, and pain medication has been prescribed (*see* Doc. 1, pp. 1-2). Plaintiff takes issue with the amount of pain medication he has been prescribed and an apparent lack of progress in treating his chronic ear infection and pain. He wants to be sent to a specialist, to receive additional or more efficacious pain medication, and to receive mental health treatment.

A difference of opinion regarding the proper course of treatment and even medical malpractice are insufficient to violate the Eighth Amendment. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). However, deliberately or recklessly continuing with a course of treatment that is ineffective can amount to an Eighth Amendment violation. *See Greeno v. Daley*, 44 F.3d 645, 655 (7th Cir. 2005). Although the Court is concerned with Plaintiff's continued pain and hearing impairment, relative to whether a temporary restraining order is warranted, the complaint does not clearly show that immediate and irreparable injury will occur if the Court does not step in prior to the prison being heard in opposition. In reaching this conclusion, the Court observes that Plaintiff has received medical treatment; there is no

suggestion that Plaintiff's ear condition is worsening, and Plaintiff has waited six months before seeking a TRO. It is unclear why mental health treatment is required, but there is no apparent urgency for such care.

Although a TRO is not warranted, Rule 65(a) can afford a plaintiff preliminary injunctive relief.

**Motion for Preliminary Injunction**

A preliminary injunction, unlike a TRO under Rule 65(b), is issued only after the adverse party is given notice and an opportunity to oppose the motion. FED.R.CIV.P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008) (citations omitted).

Although the Court has found that immediate action in the form of a TRO is not warranted based solely on the allegations in the complaint, the procedures outlined in Rules 65(a) and (e) relative to a preliminary injunction and the ability to consolidate the motion hearing with a trial on the merits *may* be appropriate in this case. At a minimum, a hearing involving the defendant prison officials would allow the issues to be developed and, theoretically, provide final resolution regarding the appropriateness of injunctive relief.

For these reasons, this case shall proceed, the defendants shall be served with process, and this case shall be referred to a magistrate judge for further proceedings on Plaintiff's motion for preliminary injunction. Whether the hearing on the motion for preliminary injunction is consolidated with the trial on the merits (presumably via a report and recommendation from the magistrate judge pursuant to 28 U.S.C. §§ 636(b)(1)(B), (C)) is left to the parties and the

magistrate judge to decide, once the defendant officials are served with summons and the complaint. The timing and how best to proceed within the parameters of Rules 65(a) and (e) shall be left to the discretion of the magistrate judge.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 1**, the Eighth Amendment claim for injunctive relief, shall proceed against named defendant **DR. JOHN COLE** in his official capacity solely for purposes of injunctive relief, and against **WARDEN STEPHEN DUNCAN**, who is hereby **ADDED** as a defendant in his official capacity for purposes of injunctive relief.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order is **DENIED**, but Plaintiff's motion for a preliminary injunction shall proceed, to be addressed by the magistrate judge designated below.

Plaintiff has been advised of the requirement to either pay the filing fee or move for leave to proceed as a pauper (*see* Doc. 2). The filing fee issue will be addressed by the undersigned district judge in a separate order.

The Clerk of Court shall prepare for Defendants **DR. JOHN COLE** and **WARDEN STEPHEN DUNCAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment (Lawrence Correctional Center).

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full

costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, including Plaintiff's motion for a preliminary injunction.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that he may have been granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time any application is made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney will be deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: June 24, 2014

*Nancy J. Rosenstengel*
Digitally signed by Nancy J Rosenstengel
Date: 2014.06.24 09:35:10 -05'00'

_____
**Nancy J. Rosenstengel**
**United States District Judge**