IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JARVIS LAMAR POSTLEWAITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-717-NJR-DGW |
| | ) | |
| DR. JOHN COLE, and WARDEN STEPHEN | ) | |
| DUNCAN, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Preliminary Injunction filed by Plaintiff, Jarvis Lamar Postlewaite (Doc. 1).   For the reasons set forth below, it is **RECOMMENDED** that the Motion for Preliminary Injunction be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On June 20, 2014, Plaintiff, an inmate currently incarcerated at Lawrence Correctional Center ("Lawrence") filed a petition for injunctive relief pursuant to Rule 65, seeking proper medical care for an ear infection that is causing severe pain and inhibiting his hearing.   In his request for relief, Plaintiff seeks only injunctive relief in the form of treatment from an ear specialist.   In the Court's initial screening order, Plaintiff was allowed to proceed on one count against the medical staff at Lawrence for deliberate indifference to his serious medical needs in

violation of the Eighth Amendment.   Defendants, Dr. John Coe[1] and Warden Stephen Duncan, were named as defendants only in their official capacity for purposes of injunctive relief.   In the screening order, Plaintiff's motion for preliminary injunction was referred to Magistrate Judge Wilkerson.

A hearing was held on Plaintiff's motion for preliminary injunction on June 30, 2014, in which the Plaintiff and Defendant Coe appeared by video-conference.   Attorneys for Defendant Coe and Defendant Duncan were also present at the hearing.   Plaintiff testified that he has suffered from an ear infection while at Lawrence since November, 2013.   Plaintiff indicated he has been prescribed sinus medication, aspirin, and ear drops for his infection, but has experienced little to no relief.   Plaintiff estimates that he has lost approximately 60-70 percent of the hearing in his right ear due to his chronic infection, and is still experiencing pain. According to Plaintiff, Defendant Coe explained that Plaintiff might have a damaged ear wax gland that was contributing to his pain.

Dr. Coe testified as to the medical treatment Plaintiff has received for his ear infection while at Lawrence.   According to Dr. Coe, Plaintiff was first seen by medical personnel on November 18, 2013.   The medical records indicate that Plaintiff had tenderness in the ear wax gland area and mild inflammation.   Plaintiff was again seen on November 26, 2013, wherein it was noted that Plaintiff's ear wax glands were still mildly swollen and tender.   Plaintiff was prescribed ear drops and pain medication.   On December 11, 2013, x-rays of Plaintiff's right ear were taken, and revealed a possible chronic mastoid infection.   However, a CT scan was taken in

---

[1] The Court notes that the docket reflects Dr. John Cole as a Defendant in this action.   However, this Defendant's proper name is Dr. John Coe.   Accordingly, the Court will use the proper spelling of this Defendant's name in this Report and Recommendation.

late December, 2013, which was negative for any abnormalities or infection.   Around this time,

Defendant Coe requested approval from a supervisory physician for Plaintiff to seek treatment

from an ear, nose, and throat (ENT) specialist.   Defendant Coe's request was denied, but he was

unable to articulate the basis for the denial.   From approximately January, 2014 until the present,

it appears that Plaintiff has sought continuing medical treatment for his ear condition, but has

experienced only limited relief.   Defendant Coe opines that Plaintiff may have incurred damage to

his ear wax glands caused by chronic infection, and indicated that Plaintiff's ear condition could

cause hearing loss.

### CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be

a "clear showing" that Plaintiff is entitled to relief.   *Mazurek v. Armstrong*, 520 U.S. 968, 972

(1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL

PRACTICE AND PROCEDURE §2948 (5th ed. 1995)).   The purpose of such an injunction is "to

minimize the hardship to the parties pending the ultimate resolution of the lawsuit."   *Faheem-El*

*v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988).   Plaintiff has the burden of demonstrating:

1. a reasonable likelihood of success on the merits;
2. no adequate remedy at law; and
3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir.

2012).   As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of

success – in other words, a greater than negligible chance of winning."   *AM General Corp. v.*

*DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002).   The Court must then weigh "the

balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of

an injunction on the public interest." *Id.*   In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm."   18 U.S.C. § 3626(a)(2).   Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

In this lawsuit, Plaintiff alleges that medical personnel at Lawrence were deliberately indifferent to his serious medical needs.   In order to succeed on his claim, Plaintiff must show first that his condition was "objectively, sufficiently serious" and second, that the "prison officials acted with a sufficiently culpable state of mind."   *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted).   Plaintiff has a more than negligible chance of prevailing on the first prong: that his medical condition was objectively, sufficiently serious.   The Seventh Circuit has recognized that the following circumstances could constitute a serious medical need: "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."   *Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)); *see also Foelker v. Outagamie County*, 394 F.3d 510, 512-13 (7th Cir. 2005) ("A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessary for a doctor's attention.").   The evidence presented regarding Plaintiff's ear infection establishes a serious medical need.   Plaintiff is in chronic pain, has lost a significant amount of hearing in his right ear, and his

condition mandates fairly frequent medical treatment.

Also, based on the evidence presented at the hearing, there is more than a negligible chance that Plaintiff will prevail in showing that medical personnel acted with a sufficiently culpable state of mind.   In order to show that prison officials acted with a sufficiently culpable state of mind, a plaintiff does not have to prove that his complaints were "literally ignored," but only that "the defendants' responses were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs."   *Hayes v. Snyder*, 546 F.3d 526, 524 (quoting *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)).   In this instance, it appears that Plaintiff has suffered from an ear infection resulting in hearing loss for approximately ten months while at Lawrence.   Although Plaintiff has received medical treatment, his symptoms have not abated. As such, it appears that the current treatment regimen is not effective in treating his condition. Moreover, one of Plaintiff's treating physicians, Defendant Coe, sought approval for a referral for Plaintiff to receive care from an outside ENT physician.   However, his request was denied by a supervisory physician for reasons that are not clear.   Accordingly, Plaintiff has established a likelihood of success on the merits.

The element of no adequate remedy at law also tips the scales in favor of an injunction. Plaintiff is suffering from a chronic ear infection that has resulted in hearing loss, for which, Plaintiff seeks adequate medical treatment in order to avoid losing the hearing in his right ear completely.   The Court is unaware of any remedy at law that would alleviate such a situation.   It appears that Plaintiff's only remedy is obtaining a referral for an ENT physician so that his condition may be further evaluated.

The third factor, irreparable harm, has also been demonstrated.   Irreparable harm is harm

that has no adequate remedy at law.   *Graham v. Medical Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for. The injury must be of a particular nature, so that compensation in money cannot atone for it.") (quotation marks, internal editing marks, and citation omitted).   Hearing loss is certainly harm that cannot necessarily be repaired or atoned for.   Plaintiff's testimony reveals that Plaintiff has lost approximately 60-70 percent of the hearing in his right ear.   Although it is not apparent that Plaintiff has had his hearing checked while incarcerated, Defendant Coe's testimony supported Plaintiff's complaints of hearing loss, as he indicated that Plaintiff's condition could result in such.

Finally, this Court must weigh the balance of harm to the parties and the interest of the public.   Defendants will have to expend some additional resources to send Plaintiff to an outside ENT specialist.   However, this practice is not necessarily unfamiliar to the Illinois Department of Corrections, as Plaintiff has already been sent outside his institution for a CAT scan.   Moreover, the potential of physical harm to Plaintiff is greater, as it is apparent that his ear condition is not abating, and his hearing may well be lost.   The public's interest can only be furthered, and not harmed, by ensuring that inmates receive adequate medical care.

Weighing all of the above factors, this Court concludes that an injunction is warranted: Defendants should be ordered to ensure that Plaintiff receives an evaluation of his right ear medical condition from a physician specializing in an appropriate field, such as an ENT specialist. Such a remedy is narrowly tailored to address the harm shown.

The Court notes that Defendant Duncan asserted he is entitled to qualified immunity because he had no personal involvement in the events complained of and, as such, any preliminary injunctive relief sought by Plaintiff is barred.   Defendant Duncan was added as a defendant in this

case solely for purposes of injunctive relief.   Accordingly, Plaintiff need not allege any specific involvement of Defendant Duncan in the events complained of in order to properly name him as a defendant.   *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Preliminary Injunction filed by Plaintiff on June 20, 2014 (Doc. 1) be **GRANTED**.   It is further **RECOMMENDED** that the Court issue an injunction that orders the following:

> That Defendants be **ORDERED** to facilitate a referral to a physician whose specialty is appropriate to evaluate and treat the infection and/or other medical condition present in Plaintiff's right ear within **30 days** of the entry of this Order.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.   The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.   *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: September 4, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**