**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JARVIS LAMAR POSTLEWAITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-CV-717-NJR-DGW** |
| | ) | |
| **DR. JOHN COLE AND WARDEN STEPHEN DUNCAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 20), recommending that Plaintiff's Motion for Preliminary Injunction (Doc. 1) be granted.   The Report and Recommendation was entered on September 4, 2014.   Both Defendants filed timely objections to the Report and Recommendation on September 22, 2014 (*See* Docs. 22 & 23).

Plaintiff Jarvis Lamar Postlewaite ("Plaintiff"), currently an inmate at Lawrence Correctional Center, filed a petition for injunctive relief pursuant to Rule 65, seeking proper medical care for an ear infection that is causing him severe pain and inhibiting his hearing.   More specifically, Plaintiff seeks injunctive relief in the form of treatment from an ear specialist.   Plaintiff does not seek monetary damages.

On June 30, 2014, Magistrate Judge Donald Wilkerson held an evidentiary hearing on the Motion for Injunctive Relief.   At the evidentiary hearing, Plaintiff

testified that he has been suffering from an ear infection since November 2013 with no relief.   He indicated that he has been prescribed certain medications for his ear infection (such as sinus medication, aspirin, and ear drops), but nothing has resolved the problem. Instead, Plaintiff testified that he has suffered approximately 60-70 percent hearing loss. Plaintiff testified that Defendant Coe explained to him that he might have a damaged ear wax gland that was contributing to his pain.

Defendant Coe testified at the hearing that he began seeing Plaintiff for ear pain on November 18, 2013.   At that initial appointment, Plaintiff had tenderness in the ear wax gland area and mild inflammation.   Plaintiff was seen again on November 26, 2013, and, after that appointment, Plaintiff was prescribed ear drops and pain medication. Plaintiff received x-rays of his ear on December 11, 2013, which revealed a possible chronic mastoid infection.   Plaintiff subsequently received a CT scan in late December 2013, which was negative for any abnormalities or infection.   Around this time, Defendant Coe testified that he had requested approval from a supervisor for Plaintiff to seek treatment from an ear, nose, and throat (ENT) specialist.   His request was denied, but he did not articulate the basis for that denial.   From January 2014 to present, Plaintiff has continued to seek medical treatment for his ear condition, but he has only experienced limited relief.   Defendant Coe opined that Plaintiff may have incurred damage to his ear wax glands caused by chronic infection and indicated that Plaintiff's ear condition could cause hearing loss.

Based the evidence presented at the hearing, Magistrate Judge Wilkerson issued

the Report and Recommendation currently before the Court (Doc. 20).   The Report and Recommendation accurately states the nature of the evidence presented by both sides.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation.   28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).   The Court "may accept, reject or modify the magistrate judge's recommended decision."   *Harper*, 824 F. Supp. at 788.   In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'"   *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

As noted above, both Defendants have leveled objections to the Report and Recommendation.   Defendant Duncan, the warden, objects to being subject to the injunction on sovereign immunity grounds.   Defendant Cole, on the other hand, objects to Magistrate Judge Wilkerson's recommendation that Plaintiff be seen by an outside ENT specialist.   These timely objections require the Court to undertake a *de novo* review of the Report and Recommendation.

Defendant Duncan's argument can be dispatched summarily.   Defendant Duncan argues that, because there is no allegation that he has been deliberately indifferent to Plaintiff's medical needs, he should not be subject to the injunction. Wardens are routinely added as official capacity defendants in inmates' civil rights

cases, since they will often be the party responsible for carrying out any injunction the Court issues, and their personal involvement is irrelevant.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).   Defendant Duncan is a proper defendant for purposes of the injunctive relief that Plaintiff seeks.   Accordingly, the Court overrules Defendant Duncan's objection.

Defendant Coe argues that Plaintiff does not have a reasonable likelihood of success on the merits because Plaintiff has been seen and evaluated by Defendant Coe and other members of the nursing staff at Lawrence on numerous occasions, he has an active and working diagnosis, and he is being treated for it.   Defendant Coe argues that Plaintiff has been seen several times since the evidentiary hearing and an on-site hearing test has been approved and will take place when the device arrives at the facility.[1] Defendant Coe further argues that Plaintiff does have an adequate remedy at law -- he could sue Defendant Coe and the other health care staff members to recover monetary damages.   Defendant Coe requests that, in the event the Court adopts Magistrate Judge Wilkerson's Report and Recommendation, that the Court issue an Order compelling Plaintiff to reimburse the paying parties for the cost of the medical care, should the outside specialist come up with no new or different diagnosis.

A difference of opinion regarding the proper course of treatment and even medical malpractice are insufficient to violate the Eighth Amendment.  *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006).   However, deliberately or recklessly

---

[1] Based on Plaintiff's "Amended Motion" filed on October 6, 2014, it appears that this hearing test was in fact performed by Defendant Coe (*See* Doc. 27, p. 1-2).

continuing with a course of treatment that is ineffective can amount to an Eighth Amendment violation.   *See Greeno v. Daley*, 414 F.3d 645, 654-655 (7th Cir. 2005) ("a jury could find deliberate indifference from [the defendant's] refusal over a two-year period to refer [the plaintiff] to a specialist or authorize an endoscopy."); *see also Arnett v. Webster*, 658 F.3d. 742, 751 (7th Cir. 2011) ("[t]hat the prisoner received some treatment does not foreclose his deliberate indifference claim if the treatment received was 'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition.'").

While the Court is aware that Plaintiff has had treatment regarding his ear infection, it is obvious that his symptoms have not abated and have become quite severe. The infection has continued for approximately eleven months, and, according to Plaintiff, it has resulted in 60-70 percent hearing loss.   This evidence is substantiated by Defendant Coe's testimony (*See* Doc. 29, p. 22).   Even more, Defendant Coe previously sought approval for Plaintiff to go to an ENT specialist back in December 2013, but this request was not approved (Doc. 29, p. 24, 29-30).   Thus, the Court finds that Plaintiff has a reasonable likelihood of success on a deliberate indifference claim.   Further, the undersigned District Judge agrees with Magistrate Judge Wilkerson's conclusion that Plaintiff's only remedy is obtaining a referral for an ENT specialist so that his condition may be further evaluated.   *See Graham v. Medical Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) ("Irreparable harm is harm 'which cannot be repaired, retrieved, put down again, atoned for . . . . [T]he injury must be of a particular nature, so that compensation in

money cannot atone for it.'"). Additionally, the Court finds that Plaintiff has demonstrated irreparable harm in the form of hearing loss. Lastly, the Court has examined the record and pertinent case law and finds that the potential of Plaintiff's harm outweighs the harm that Defendants will suffer in having to expend additional resources to send Plaintiff to an ENT specialist.

As to Defendant Coe's request for the Court to compel Plaintiff to reimburse the paying parties for the costs associated with the exam (in the event the ENT specialist comes up with no new or different diagnosis and recommends no new or different treatment), this request is denied. A prisoner is constitutionally entitled to adequate medical care. *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). Plaintiff has met the high standard required for a mandatory preliminary injunction, and the Court refuses to open a Pandora's box by requiring Plaintiff to pay for his own medical care.

Lastly, the Court notes that on October 6, 2014, Plaintiff filed an "Amended Motion" (Doc. 27), in which he demonstrates some confusion regarding the Report and Recommendation entered by Magistrate Judge Wilkerson on September 4, 2014. Plaintiff was of the mistaken belief that Magistrate Judge Wilkerson had granted the Motion for Injunction in that September 4 Order. The Court clarifies that, in the September 4 Order, Magistrate Judge Wilkerson issued a Report and Recommendation, *recommending* that the undersigned District Judge grant the petition for injunctive relief. Thus, the petition for injunctive relief has not been ruled on until today. Plaintiff appears to request punitive damages on the mistaken belief that Defendants were not

complying with a Court order.   The Court presumes that, in light of this clarification that Defendants have not failed to comply with a court order, Plaintiff will no longer wish to seek punitive damages.   Finally, because this Order outlines the current status of this case, Plaintiff's pending motion for status (Doc. 21) is denied as moot. The other recently filed motions will be addressed by Magistrate Judge Wilkerson in a separate order.

**Conclusion**

Magistrate Judge Wilkerson's Report and Recommendation (Doc. 20) is **ADOPTED**, and Plaintiff's Petition for Injunctive Relief (Doc. 1) is **GRANTED**.

Defendants are **ORDERED** to facilitate a referral to a physician whose specialty is appropriate to evaluate and treat the infection and/or other medical condition present in Plaintiff's right ear **within 30 days of this Order**.   The parties should follow up with a Notice to the Court that advises the Court of the results of this examination, *i.e.* whether the specialist suggests a new type of treatment or whether the specialist does not recommend that Defendants should proceed any differently.   In light of this Order, Plaintiff's pending motion for status (Doc. 21) and Plaintiff's Amended Motion (Doc. 27) are **DENIED as MOOT**.

IT IS SO ORDERED.

DATED:   October 17, 2014

**s/ Nancy J. Rosenstengel_____**
**NANCY J. ROSENSTENGEL**
**United States District Judge**
