IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JARVIS LAMAR POSTLEWAITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-717-NJR-DGW |
| | ) | |
| DR. JOHN COLE and WARDEN STEPHEN DUNCAN, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Appoint Counsel filed by Plaintiff, Jarvis Lamar Postlewaite, on October 9, 2014 (Doc. 28), the Motion for Leave to File an Amended Complaint filed by Plaintiff on October 14, 2014 (Doc. 30), and the Motion to Subpoena Defendants filed by Plaintiff on October 17, 2014 (Doc. 31). For the reasons set forth below, the Motions are **DENIED**.

**Motion to Appoint Counsel (Doc. 28)**

Plaintiff asks the Court to appoint him counsel in this matter as he is unable to afford an attorney and the complexity of this case, coupled with his mental ability, will make it difficult to litigate this matter.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively

prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has not met his threshold burden of demonstrating he has made a reasonable attempt to obtain counsel on his own. However, even if Plaintiff had made such a showing, the Court is not convinced that counsel is warranted at this time. In his Complaint, Plaintiff brings only one claim of deliberate indifference to his serious medical needs. Plaintiff's claim is relatively straightforward and, moreover, he seeks only injunctive relief, asking that he be referred to a specialist for evaluation and/or treatment of his medical condition. Notably, District Judge Nancy J. Rosenstengel recently entered an Order adopting the Report and Recommendation of Magistrate Judge Donald G. Wilkerson granting Plaintiff the relief he seeks (Doc. 32). As such, it is apparent that Plaintiff is capable of litigating his claim. Plaintiff has demonstrated that he is able to read, write, and understand the English language. Moreover, he is clearly able to communicate his claims and follow the directions of the Court. Finally, at this time, it is not clear what benefit a lawyer could provide to Plaintiff, as he recently received an Order providing him the

relief he seeks. As such, Plaintiff's Motion for Appointment of Counsel (Doc. 28) is **DENIED**.

### Motion for Leave to File an Amended Complaint (Doc. 30)

In this Motion, Plaintiff asks the Court for leave to file an amended complaint so that he may add Wexford Health Sources, Inc. ("Wexford") as a party to this action. Plaintiff contends that Wexford should be added as a defendant because it refused to adhere to Magistrate Judge Wilkerson's recommendation that he be sent to an outside specialist for evaluation and treatment of his medical condition. Plaintiff did not submit a proposed amended complaint, in contravention of Local Rule 15.1. In response to Plaintiff's Motion, Defendant Coe asserts that Magistrate Judge Wilkerson's recommendation was not adopted until October 17, 2014, and, according to District Judge Rosenstengel's Order, Defendants have until November 17, 2014 to ensure Plaintiff is evaluated by a specialist. Defendant avers that Plaintiff's referral is already in process and will be completed prior to the deadline imposed by the Court. As such, Defendant contends that the addition of Wexford as a defendant in this case is unnecessary.

The Court agrees with Defendant. Plaintiff has not stated a claim against Wexford for deliberate indifference. Moreover, the Court notes that this is not an action for money damages, and as Plaintiff was recently granted the injunctive relief he is seeking in this suit, it is unclear what purpose would be served by adding another party. Accordingly, Plaintiff's Motion for Leave to Amend (Doc. 30) is **DENIED**.

### Motion to Subpoena Defendants (Doc. 31)

In this Motion, Plaintiff asks the Court to subpoena defendants in order to secure their attendance at a status hearing to discuss the reasons for him not receiving a referral to an outside ENT specialist. As mentioned above, on October 17, 2014, Judge Rosenstengel entered an Order directing Defendants to facilitate a referral for Plaintiff to see an outside specialist who can

appropriately evaluate and treat Plaintiff's medical condition. Defendants have until November 17, 2014 to facilitate this referral. Defendant Coe has indicated that they are working to comply with the Court's Order and stated that Plaintiff will receive a referral by the Court's deadline. It is not apparent to the Court why a hearing would be necessary at this time, as Defendants are clearly aware of their obligations. Accordingly, this Motion (Doc. 31) is **DENIED**. The Court also notes that in this Motion Plaintiff incorrectly asserts that Phil Martin, Ms. Tredway and Wexford Health Sources are defendants to this action. The Court informs Plaintiff that the only named defendants in this action are John Coe and Stephen Duncan.

**IT IS SO ORDERED.**

**DATED: October 23, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**